**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number *(If known)*: _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Strike HoldCo, LLC |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   86-2030607

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1800    Hughes Landing Blvd. | |
| Number    Street | Number    Street |
| Suite 500 | |
| | P.O. Box |
| The Woodlands        TX      77380 | |
| City            State    ZIP Code | City          State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Montgomery | |
| County | Number    Street |
| | |
| | City          State    ZIP Code |

5. **Debtor's website** (URL)

   https://www.strikeusa.com/

Debtor    <u>Strike HoldCo, LLC</u>                                             Case number *(if known)*_____
              Name

**6. Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

2131

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Strike HoldCo, LLC
          _____    Case number (if known)_____
          Name

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No

☐ Yes.  District _____   When _____   Case number _____
                                              MM / DD / YYYY

         District _____   When _____   Case number _____
                                              MM / DD / YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.  Debtor   See Schedule A                                Relationship _____
                 _____

         District _____   When _____
                                                               MM  /  DD  /  YYYY

         Case number, if known   _____

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number        Street

                           _____

                           _____
                           City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

**Statistical and administrative information**

---

| Debtor | Strike HoldCo, LLC | Case number (if known) |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

Check one:
- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☑ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated assets***

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities***

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/06/2021
MM / DD / YYYY

X /s/ _Sean M. Gore_

Signature of authorized representative of debtor

Printed name   Sean Gore

Title   Chief Financial Officer

---

* Represents consolidated financial information for Strike HoldCo, LLC and its affiliated debtors as set forth in Schedule A. This does not constitute a statement or admission as to the creditors, assets or liabilities of any of the debtor entities individually.

Debtor   Strike HoldCo, LLC
         _____   Case number (*if known*)_____
         Name

**18. Signature of attorney**          ✗ */s/ Matthew D. Cavenaugh*          Date   12/06/2021
                                       _____            _____
                                       Signature of attorney for debtor                   MM   / DD / YYYY

                                       Matthew D. Cavenaugh
                                       _____
                                       Printed name
                                       Jackson Walker LLP
                                       _____
                                       Firm name
                                       1401        McKinney Street, Suite 1900
                                       _____
                                       Number      Street
                                       Houston                                    TX        77010
                                       _____   _____
                                       City                                       State       ZIP Code

                                       (713) 752-4200                             mcavenaugh@jw.com
                                       _____   _____
                                       Contact phone                              Email address

                                       24062656                                   Texas
                                       _____   _____
                                       Bar number                                 State

# Schedule A

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|     | DEBTOR | EMPLOYER/CORPORATE IDENTIFICATION NUMBER | JURISDICTION |
| --- | --- | --- | --- |
| 1.  | Strike, LLC | 37-1462120 | United States |
| 2.  | Strike HoldCo, LLC | 86-2030607 | United States |
| 3.  | Delta Directional Drilling, LLC | 47-1089896 | United States |
| 4.  | Strike Global Holdings, LLC | 81-3844661 | United States |
| 5.  | Capstone Infrastructure Services, LLC | 82-4230161 | United States |
| 6.  | Crossfire, LLC | 04-3677582 | United States |

**STRIKE HOLDCO, LLC**

_____

**WRITTEN CONSENT**
**OF**
**THE SOLE MEMBER**

Dated December 6, 2021

_____

The UNDERSIGNED, being the sole member (the "**Sole Member**") of Strike, HoldCo, LLC, a Delaware limited liability company (the "**Company**"), acting in accordance with Section 18-404 of the Delaware Limited Liability Company Act and Section 5.2 of the Limited Liability Company Agreement, dated February 12, 2021, hereby consents in writing to approve the adoption of the following resolutions, effective as of the date first set forth above:

WHEREAS, the Board of Managers of the Sole Member, including the restructuring committee of such Board (the "**Restructuring Committee**") comprised of independent managers, in its capacity as the Sole Member, has considered presentations by the management of, and the outside advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Sole Member, through the Restructuring Committee, has also had the opportunity to consult with the Company's management and outside advisors, and to fully consider the restructuring negotiations with the Company's creditors and other parties in interest;

WHEREAS, based on its review of all available alternatives and advice provided by such outside advisors, the Sole Member, through the approval of the Restructuring Committee, has determined that it is in the best interest of the Company, its subsidiaries, their respective creditors and other parties in interest, for the Company and its subsidiaries to take the actions specified in the resolutions set forth below;

*Chapter 11 Case*

WHEREAS, the Sole Member has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Sole Member, through the approval of the Restructuring Committee, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interest of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Company;

*Debtor-in-Possession Financing*

WHEREAS, the Company intends to execute that certain Senior Secured Super-Priority Debtor-in-Possession Loan and Security Agreement, dated as of the date hereof (as may be further amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among the Company and Strike, LLC, as borrowers, each person party thereto from time to time as a lender, the issuing banks party thereto from time to time, and Lightship Capital II LLC, as administrative agent for the lenders;

WHEREAS, pursuant to the proposed DIP Credit Agreement, the Company may enter into certain other loan documents referred to in the DIP Credit Agreement (the "**DIP Loan Documents**");

WHEREAS, the Sole Member, through the Restructuring Committee, has reviewed substantially final versions of the DIP Credit Agreement and the DIP Loan Documents and after careful review and consideration, the Sole Member, through the approval of the Restructuring Committee, has determined that it is in the best interest of the Company to enter into the DIP Credit Agreement and the Company believes that it is advisable and in pursuit of its purposes as an integral part of the business conducted and proposed to be conducted by the Company to enter into such documents, consummate such transactions and perform its obligations under the DIP Loan Documents, in each case, as more fully set forth therein;

WHEREAS, it is a condition precedent to the effectiveness of and the extensions of credit under the DIP Credit Agreement that the Company execute and deliver, among other things, the DIP Loan Documents and the other agreements, documents, notes, instruments and certificates contemplated thereby (collectively, together with the DIP Loan Documents, the "**Transaction Documents**", the entry into the Transaction Documents is referred to herein as the "**Transaction**");

WHEREAS, the Sole Member, through the approval of the Restructuring Committee, has determined that the Company will receive direct and indirect benefits from the transactions contemplated by the DIP Credit Agreement and the other Transaction Documents;

WHEREAS, the Sole Member, through the approval of the Restructuring Committee has deemed it advisable and in the best interests of the Company that the Company enter into, execute, deliver and perform its obligations under each of the Transaction Documents to which it is a party, enter into the transactions contemplated thereby and guarantee the obligations under the Transaction Documents;

*Key Employee Retention Plan*

WHEREAS, in order to retain certain of the key client facing field employees of certain of the Company's direct and indirect subsidiaries (collectively, the "**Company Entities**") during the chapter 11 cases of the Company Entities, the Company Entities have developed a Key Employee Retention Plan (the "**KERP**") with the assistance of Korn Ferry, Opportune LLP, and White & Case LLP, the advisors in the Company Entities' compensation, evaluation and restructuring efforts, respectively;

WHEREAS, after due and careful consideration of the terms and conditions set forth therein, the Sole Member, through the approval of the Restructuring Committee, believes it is advisable and in the best interests of the Company Entities to approve the KERP, which provides for estimated aggregate awards with a target value of approximately $815,000, to be paid in two phases, subject to the approval of the KERP by the Bankruptcy Court and to any adjustments approved by the Restructuring Committee in response to comments from the Bankruptcy Court or the Company Entities' creditors or other parties in interest. The KERP will be important to the Company Entities' business and restructuring efforts;

WHEREAS, the awards for each component of the KERP shall be made pursuant to the terms set forth in the award letters for each phase with respect to each participant, after approval of the Bankruptcy Court as determined by the Restructuring Committee.

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Sole Member, through the approval of the Restructuring Committee, it is desirable and in the best interests of the Company, its subsidiaries, their respective equityholders, creditors, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized and directed hereby; and it is further

RESOLVED, that the Company's officers and the members of the Restructuring Committee (each, an "**Authorized Person**") be, and each hereby is, authorized and directed, on behalf of and in the name of the Company, in its individual capacity and as the sole member of Strike, LLC, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine; and it is further

*Retention of Professionals*

RESOLVED, that the Company is authorized, and each Authorized Person be, and each hereby is, authorized and directed, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 cases and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firms White & Case LLP and Jackson Walker LLP to act as restructuring counsel; Opportune Partners LLC to act as its investment banker; Opportune Partners LLP to act as its financial advisor; and Epiq Corporate Restructuring, LLC as its claims and noticing agent; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, on behalf of and in the name of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

*Debtor-in-Possession Financing*

RESOLVED, that the form, terms, and provisions of the Transaction Documents (including all exhibits and schedules thereto) be, and hereby are, in all respects approved, adopted, authorized, ratified and confirmed; and it is further

RESOLVED, that any capitalized terms used but not defined herein shall have the meanings ascribed to such term in the DIP Credit Agreement; and it is further

RESOLVED, that each Authorized Person be, and each of them hereby is authorized and empowered and directed to (i) execute the Transaction Documents on behalf of the Company with all changes thereto and supplements, modifications and amendments thereof approved by, and any other documents or certificates required to be delivered by it or any Authorized Signatory pursuant thereto, and (ii) cause the Company to perform its obligations under the Transaction Documents and take any and all other actions that may be necessary or desirable in order to satisfy or perform any and all of the Company's obligations thereunder, to consummate the transactions contemplated therein, and otherwise carry out the intent or purposes of these resolutions; and it is further

*Key Employee Retention Program*

RESOLVED, that the Sole Member, through the approval of the Restructuring Committee, authorizes the Company Entities to enter into the KERP; subject to the approval of the KERP by the Bankruptcy Court and to any adjustments approved by the Restructuring Committee in response to comments from the Bankruptcy Court or the Company Entities' creditors or other parties in interest; and it is further

RESOLVED, that the awards for each component of the KERP shall be made pursuant to the terms set forth in the award letters for each phase with respect to each participant, after approval of the Bankruptcy Court as determined by the Restructuring Committee; and it is further

*General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate, or cause or authorize to be negotiated, the forms, terms, and provisions of, and to execute and deliver, or cause or authorize to be executed and delivered, any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring

professionals, or other professionals, and to take any and all other action in furtherance of the foregoing resolutions which such Authorized Person deems necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and debtor-in-possession financing, with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary-course operation of the Company's business; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered to do and perform, or cause or authorize to be done and performed, in accordance with these resolutions any and all such other acts, deeds and things and to make, execute and deliver, or cause to be made, executed and delivered, in the name and on behalf of the Company, as may be necessary or proper, any and all such agreements, undertakings, documents, consents, filings or instruments, with such terms and provisions as any such Authorized Person may approve, as such Authorized Person may deem necessary or proper to carry out the purpose and intent of the foregoing resolutions, the execution, delivery or performance thereof, or the taking of any such action to be conclusive evidence of such approval and authority; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered to act without the joinder of any other Authorized Person in connection with the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company, having the same force as if performed pursuant to the direct authorization of the Sole Member; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of the Company, on or before the date hereof in connection with the subject matter of the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company, having the same force as if performed pursuant to the direct authorization of the Sole Member; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any

requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Written Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Persons be, and each hereby is, authorized and empowered to take all actions, or cause to be taken all actions, in the name of the Company with respect to the transactions contemplated by these resolutions as the shareholder, partner, member, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Person shall deem necessary, proper, appropriate, desirable, or advisable to effectuate the purposes of the foregoing resolutions, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of any potential financing transactions that, in the judgement of such Authorized Person, become necessary to successfully prosecute the chapter 11 cases; and it is further

RESOLVED, that any person dealing with the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by their execution in the name or on behalf of the Company, of any document, agreement or instrument, the same being a valid and binding obligation of the Company enforceable in accordance with its terms.

\*\*\*

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned, has duly executed and caused this Written Consent to be delivered as of the date first written above.

STRIKE INVESTMENT, LLC

Name: Sean Gore
Title: Authorized Signatory

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re | Chapter 11 |
| STRIKE HOLDCO, LLC, et al, | Case No. 21-[_____] ( ) |
| Debtor. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND**
**LIST OF EQUITY SECURITY HOLDERS OF**
**STRIKE HOLDCO, LLC**

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and debtor in possession (the "**Debtor**"), a Delaware Limited Liability Company, hereby respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| Name | Address | Shares (Percent) |
|---|---|---|
| Strike Investment, LLC | 1800 Hughes Landing Blvd. Suite 500 The Woodlands, TX 77380 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name  Strike HoldCo, LLC

United States Bankruptcy Court for the:  Southern      District of  Texas
                                                                    (State)

Case number (*If known*):  21-

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a          Combined Corporate Ownership Statement and List of Equity Security Holders
    declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/06/2021          **X** /s/ _Sean M. G_____
             MM / DD / YYYY          Signature of individual signing on behalf of debtor

                                     Sean Gore
                                     Printed name

                                     Chief Financial Officer
                                     Position or relationship to debtor

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Strike HoldCo, LLC |
| United States Bankruptcy Court for the:      Southern District of Texas |
| Case Number (If known): |

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MEARS GROUP INC. 1622 EASTPORT PLAZA DRIVE COLLINSVILLE, IL  62234 | CONTACT: STEVE GUDE PHONE: 618-343-6400 AR.MEARS@MEARS.NET | LITIGATION | CUD | | | $4,100,000.00 |
| 2 | EAGLE CAPITAL CORPORATION PO BOX 4215 TUPELO, MS  38803 | PHONE: 662-214-9818 ACCOUNTING@EAGLECAPITALCORP.COM | LITIGATION | CUD | | | $3,466,068.00 |
| 3 | UNITED RENTALS INC PO BOX 840514 DALLAS, TX  75284-0514 | CONTACT: BRANDON LANDRENEAU PHONE: 325-895-8729 ACH@UR.COM; CTENDLER@UR.COM | EQUIPMENT RENTAL | CUD | | | $1,707,971.42 |
| 4 | ARDENT SERVICES LLC PO BOX 974759 DALLAS, TX  75397-4759 | CONTACT: JENNIFER BURCHFIELD PHONE: 985-792-3000 ARNOTES@ARDENT.US | TRADE | CUD | | | $1,590,164.65 |
| 5 | MICHELS CORPORATION PO BOX 95 BROWNSVILLE, WI  53006 | CONTACT: AUBRIE CONRAD PHONE: 920-583-3132 ACONRAD@MICHELS.US | DRILLING WORK | CUD | | | $1,588,450.00 |
| 6 | DAKOTA LINE CONTRACTORS INC 2729 PAINTBALL WAY BISMARCK, ND  58504 | PHONE: 701-224-8654 LWHITE@DLCND.COM | CONV ROAD BORING | CUD | | | $1,350,792.00 |
| 7 | DELTA FUEL COMPANY P.O. BOX 1810 FERRIDAY, LA  71334 | CONTACT: CHRISTINA ROBERTS PHONE: 318-757-3975 ACHPAYMENTS@DELTAFUEL.COM | FUEL | CUD | | | $1,139,489.94 |

Debtor: Strike HoldCo, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8   SUMMIT ELECTRIC SUPPLY CO INC PO BOX 7280 DALLAS, TX  75284-8345 | CONTACT: SHAUNA MARTINEZ PHONE: 505-389-1733 EXT 1233 CASHAPPLICATIONS@SUMMIT.COM | OPERATIONS SUPPLIER | CUD | | | $1,139,391.04 |
| 9   JONES TRANSPORT 6184 HWY 98 W, STE 210 HATTIESBURG, MS  39402 | CONTACT: JENNIFER HOUSTON PHONE: 601-736-1151 CHRISTI.BOUNDS@JONESLOGISTICS.COM | TRADE | CUD | | | $1,113,208.49 |
| 10   BLACKWELL ENTERPRISES INC 14634 COTTON GIN AVE WAYNE, OK  73095 | CONTACT: BEN BRAKEFIELD PHONE: 405-449-7795 BBRAKEFIELD@BLACKWELLENT.COM | TRADE | CUD | | | $1,044,561.59 |
| 11   CROSS COUNTRY INFRASTRUCTURE SVCS USA PO BOX 843851 KANSAS CITY, MO  64184-3851 | CONTACT: ADRIANNE BENNETT PHONE: 303-361-6797 ABENNETT@CCPIPELINE.COM | EQUIPMENT RENTAL | CUD | | | $1,014,695.33 |
| 12   CAT FINANCIAL COMMERCIAL ACCT PO BOX 732005 DALLAS, TX  75397-8595 | CONTACT: ABBEY BIRKEY PHONE: 188-228-8811 ADSMITH@FOLEYEQ.COM | EQUIPMENT RENTAL | CUD | | | $934,912.13 |
| 13   HARDROCK DIRECTIONAL DRILLING PO BOX 33371 SAN ANTONIO, TX  78265 | CONTACT: BOBBY HOOVER PHONE: 210-403-2086 BOBBY.HOOVER@HARDROCKHDD.COM | DRILLING WORK | CUD | | | $873,095.00 |
| 14   GRAYBAR ELECTRIC CO INC 900 RIDGE AVE PITTSBURGH, PA  15212 | PHONE: 412-320-2594 CUSTOMERREMIT@GRAYBAR.COM | OPERATIONS SUPPLIER | CUD | | | $792,029.90 |
| 15   PIPELINE SUPPLY & SERVICE PO BOX 74321 CLEVELAND, OH  44194-4321 | CONTACT: BRANDI WRIGHT PHONE: 713-741-8125 AR@PSSCOMPANIES.COM; BRANDI.WRIGHT@PSSCOMPANIES.COM | TRADE | CUD | | | $731,615.79 |
| 16   BAYOU ELECTRICAL SERVICES 8036 MILLER ROAD 2 HOUSTON, TX  77049 | CONTACT: JORDAN DEVATY PHONE: 281-121-5200 AR@BAYOUELECTRICAL.COM | TRADE | CUD | | | $675,980.61 |
| 17   CBK TRANSPORT LLC 28310 ASCOT FARMS ROAD MAGNOLIA, TX  77354 | CONTACT: BEN FLEMING PHONE: 713-502-5185 BEN.FLEMING@CBKTRANSPORT.COM | TRADE | CUD | | | $595,237.50 |
| 18   WHOLESALE ELECTRIC SUPPLY PO BOX 732778 DALLAS, TX  75373-2778 | PHONE: 281-479-6055 ARREMIT@WHOLESALEELECTRIC.COM | OPERATIONS SUPPLIER | CUD | | | $546,568.50 |
| 19   ALLWASTE INDUSTRIAL SVCS LLC PO BOX 1378 MONT BELVIEU, TX  77580 | PHONE: 346-801-3116 AR@ALLWASTEINDUSTRIAL.COM | HYDRO EXCAVATION | CUD | | | $533,675.69 |
| 20   J2 RESOURCES LLC 945 MCKINNEY DR., 116 HOUSTON, TX  77002 | PHONE: 713-401-3171 KDUGAN@J2RESOURCES.COM | OPERATIONS SUPPLIER | CUD | | | $533,065.04 |

Debtor: Strike HoldCo, LLC                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21   C.I. ACTUATION<br>PO BOX 842348<br>DALLAS, TX  75284-2348 | CONTACT: ASHLEY YOUNG<br>PHONE: 281-209-3800<br>ASHLEY.YOUNG@CIACTUATION.COM | OPERATIONS SUPPLIER | CUD | | | $524,808.59 |
| 22   VELOX LLC<br>PO BOX 142<br>RYLAND, AL  35767 | CONTACT: HARRY FOX<br>PHONE: 256-217-4339<br>OFFICEADMIN@VELOXUC.COM | DRILLING WORK | CUD | | | $506,970.88 |
| 23   WHITCO SUPPLY LLC<br>200 N. MORGAN AVENUE<br>BROUSSARD, LA  70518 | PHONE: 337-837-2440<br>CAMILLE@WHITCOSUPPLY.COM | OPERATIONS SUPPLIER | CUD | | | $501,556.59 |
| 24   AXIS INDUSTRIAL SERVICES LLC<br>5110 IH 37<br>CORPUS CHRISTI, TX  78407 | PHONE: 361-888-4855<br>DEDISON@AXISINDSVCS.COM | FABRICATION | CUD | | | $501,376.00 |
| 25   IGNITE ENERGY SERVICES<br>PO BOX 2247<br>FREDERICKSBURG, TX  78624 | CONTACT: DEBORAH MICHEL<br>PHONE: 318-505-3630<br>ACCOUNTING@IGNITEHYDRO.COM | HAULING - EQ | CUD | | | $486,450.27 |
| 26   BC HENDERSON CONSTRUCTION INC<br>366 VZCR 3605<br>EDGEWOOD, TX  75117 | CONTACT: MACEY MCKEE<br>PHONE: 903-896-4835<br>BRYAN@BCHCONSTRUCT.COM | DRILLING WORK | CUD | | | $484,768.35 |
| 27   ROCK-IT NATURAL STONE INC<br>PO BOX 410<br>WISTER, OK  74966 | CONTACT: LINDA LANE<br>PHONE: 800-371-4219<br>LINDA_LANE@ROCK-ITNATURALSTONE.COM | HAULING - D/M | CUD | | | $465,639.54 |
| 28   MASON CONSTRUCTION LTD<br>PO BOX 20057<br>BEAUMONT, TX  77720-0057 | CONTACT: BRITNI MILAM<br>PHONE: 409-842-4455<br>PAYMENTS@MASONCONSTRUCTION.NET | TRADE | CUD | | | $462,518.98 |
| 29   STRATA INNOVATIVE SOLUTIONS<br>12005 STARCREST DR<br>SAN ANTONIO, TX  78247 | CONTACT: ASHLEY SCHULTZ<br>PHONE: 210-714-2386<br>ASHLEYSCHULTZ@STRATA-IS.COM | TRADE | CUD | | | $452,945.15 |
| 30   BENNETT CONSTRUCTION, INC. AND NGM INSURANCE COMPANY<br>210 PARK AVENUE SUITE 1200<br>OKLAHOMA CITY, OK  73102 | CONTACT: BRADLEY DAVENPORT<br>PHONE: 405-898-8654<br>BDAVENPORT@DSDA.COM | LITIGATION | CUD | | | UNDETERMINED |

**Fill in this information to identify the case and this filing:**

Debtor Name __Strike HoldCo, LLC__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (*If known*): __21-__

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule ____*

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __12/06/2021__          **X** /s/ _Sean M. Gore_
MM / DD / YYYY                        Signature of individual signing on behalf of debtor

Sean Gore
Printed name

Chief Financial Officer
Position or relationship to debtor